IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLTON BRYANT, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 17-2249 |
| | : | |
| v. | : | |
| | : | |
| MARK GARMAN, Superintendent S.C.I. Rockview, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : : : : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 6th day of September, 2018 after considering the petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Carlton Bryant ("Bryant") (Doc. No. 1), the respondents' response thereto (Doc. No. 7), the state-court record, the report and recommendation by United States Magistrate Judge Carol Sandra Moore Wells (Doc. No. 8), and Bryant's timely objections to the report and recommendation (Doc. No. 9),[1] it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to remove this action from civil suspense and return it to the court's active docket;

2. Bryant's objections to the report and recommendation (Doc. No. 9) are **OVERRULED**;[2]

3. The Honorable Carol Sandra Moore Wells's report and recommendation (Doc. No. 8) is **APPROVED** and **ADOPTED**;

4. The petitioner's petition for writ of habeas corpus (Doc. No. 1) is **DENIED**;

5. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

6. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] Because the clerk's office served the report and recommendation on the petitioner by mail, he was entitled to an additional three days beyond the 14-day period to file objections to the report and recommendation. *See* Fed. R. Civ. P. 6(d) (providing parties additional three days to act if served by mail under Rule 5(b)(2)(C)). Although the record is unclear as to when the petitioner provided the objections to prison officials to mail to the clerk of court for purposes of the prisoner mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (concluding that a *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk"), the objections were docketed by the clerk of court on October 2, 2017, which was the last day of the 17-day period insofar as the 17th day fell on Sunday, October 1, 2017, *see* Fed. R. Civ. P. 6(a)(1)(C) (providing that if last day of period falls on "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). Therefore, the petitioner timely filed objections to the report and recommendation.

[2] The court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

In the objections, the petitioner first objects to Magistrate Judge Wells's conclusion that he raised only one claim in his habeas petition. *See* Objs. to Magistrate Judge's R&R ("Objs.") at ECF p. 1. He asserts that he also raised an "actual innocence/miscarriage of justice claim explicitly" and a claim that his constitutional right to petition the court for redress of his grievances. *Id.* at ECF pp. 1-2.

With regard to this objection, the court notes that the only claim in the actual habeas petition was a purported denial of the petitioner's First and Fourteenth Amendment rights to petition the court for redress of his grievance, which although characterized as such, appears to have been only a claim that he was entitled to relief under *Alleyne v. United States*, 570 U.S. 99 (2013). *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet.") at 6, Doc. No. 1. Magistrate Judge Wells addressed the petitioner's *Alleyne* claim in the report and recommendation, but did not specifically mention an actual innocence/miscarriage of justice claim or a claim that he was somehow deprived of his right to petition the court for his grievances. Even though Magistrate Judge Wells did not address these other claims in the report and recommendation, they are meritless.

Concerning the right to petition the court, to the extent that such a claim is even cognizable in a habeas petition, there is no evidence in the record that the petitioner's rights were actually violated. The petitioner acknowledges that he filed a submission that the state courts heard on collateral review in which he argued that (1) his conviction and sentence under 42 Pa. C.S. § 9712(a) was unconstitutional due to *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014) and *Alleyne*, and (2) a manifest injustice occurred when the state court applied section 9712(a) to one of his cases. *See* Mem. of Law at ECF p. 6, Doc. No. 1-1. Thus, the state courts could not have denied him his right to petition the court since he admits he petitioned the court (and the court ruled on his claims). He apparently is dissatisfied with the state courts' decisions in his case, but dissatisfaction is not the same as a denial of a constitutional right. Further, to the extent that he is dissatisfied with the Court of Common Pleas not

holding an evidentiary hearing on his claim(s) as permitted under the Post Conviction Relief Act, 42 Pa. C.S. § 9541, *et seq.* ("PCRA"), he has not established that this constitutes a denial of a constitutional right or that he had a right to such a hearing under the PCRA in any event.

The court also notes that the petitioner asserts in a footnote that he also filed an amended PCRA petition which addressed his mental health issues and the state court ignored it. *See* Mem. of Law at ECF p. 7, n.1. Again, there is no indication that the state court denied him an ability to file a PCRA, and the court notes that there is no indication that the petitioner exhausted this claim in the state courts in any event (since the state court allegedly never acted on his petition). Moreover, the court notes that the veracity of the petitioner's assertion that he filed such a document with the court is seemingly uncorroborated by the public records insofar as the state court docket entries do not reflect that he filed any such amended petition for the state court's consideration. *See* https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-0904981-1997 (last accessed September 1, 2018). In addition, although the petitioner claims to have attached a copy of this document to his memorandum of law, it was not attached to the petition. Even if it was, it would not establish a violation of his right to petition the courts for redress of his grievances.

As for the petitioner's assertion that he has asserted an actual innocence claim, the court notes that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides a one-year statute of limitation "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). The fundamental miscarriage of justice exception to the AEDPA

> "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). The exception may overcome procedural default rules such as the timing requirements of 28 U.S.C. § 2244(d)(1). *See McQuiggin v. Perkins*, ––– U.S. –––, 133 S.Ct. 1924, 1931–32, 185 L.Ed.2d 1019 (2013) (citing cases). And it "seeks to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).
>
> The fundamental miscarriage of justice exception is narrow. The Supreme Court has applied it "to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S.Ct. at 1933 (alteration in original) (quoting *Schlup*, 513 U.S. at 329, 115 S.Ct. 851). Put differently, the exception is only available when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 1936 (quoting *Schlup*, 513 U.S. at 316, 115 S.Ct. 851). In *Schlup*, the Supreme Court emphasized that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." 513 U.S. at 316, 115 S.Ct. 851.

*Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017).

Here, even if the actual innocence exception applied to the petitioner's case, he has offered no new evidence establishing his actual innocence to any of the charges for which he was convicted. The only evidence he references is notes from a preliminary hearing transcript from February 1998 in his criminal case in which a witness indicated that someone with the petitioner carried a weapon, but the petitioner did not. *See* Doc. No. 1-3, at ECF p. 1-2. Not only is this evidence not "new," but it is surely not the type of evidence establishing that "it is more likely than not that no reasonable juror would have convicted" him of the crime charged, especially since the petitioner does not identify which one of his various underlying convictions this evidence applies (although it is possible he is contending that it applies to the former mandatory sentencing enhancement under section 9712(a) for individuals visibly possessing a firearm during the commission of certain offenses). *McQuiggin*, 569 U.S. at 395 (citation and internal quotation marks omitted).

The petitioner's second objection relates to his disagreement that *Alleyne* is not a "substantive rule." Objs. at ECF p.2. He then quotes the following text from *Alleyne* in support of his objection: "Defining facts that increase a mandatory statutory minimum to be part of the substantive offense enables the defendant to predict the legally applicable penalty from the face of the indictment." *Id.* (quoting *Alleyne*, 570 U.S. at 113-14). This quote does not support his claim. Simply because the Court used the word "substantive" in this quotation does not mean that

*Alleyne* announced a "substantive rule." Moreover, as Magistrate Judge Wells explained, the Third Circuit has expressly stated that *Alleyne* announced a procedural and not a substantive rule. *See United States v. Reyes*, 755 F.3d 210, 212 (2014) ("*Alleyne* announced a procedural, rather than substantive rule.").

The petitioner's third objection appears to be that even though *Alleyne* is not retroactive, the court cannot leave in place a conviction or sentence that violates a substantive rule. *See* Objs. at ECF p. 3 (citing *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016)). Once again, the petitioner is mistaken. In *Montgomery*, the Court determined that *Miller v. Alabama*, 567 U.S. 460 (2012) announced a new substantive rule and, as such, it was retroactive to cases on state collateral review. *See* 136 S.Ct. at 736. As already indicated, *Alleyne*, the case the petitioner is attempting to have apply to his sentence, did not announce a new substantive rule. There is no indication that the petitioner's sentence violates a substantive rule; thus, this argument is meritless.

The petitioner's fourth objection is that Magistrate Judge Wells dismissed his petition without an evidentiary hearing because there are purported genuine issues of material fact in dispute. *See* Objs. at ECF p. 3. The only disputed material fact that he identifies is that he was unarmed and yet convicted of brandishing a weapon without a trial. *Id.* This is insufficient to justify an evidentiary hearing. The court notes that it appears that the petitioner pleaded *nolo contendere* to numerous offenses in the criminal docket identified in the habeas petition and it looks like 3 other criminal actions. *See Commonwealth v. Bryant*, No. 141 EDA 2016, 2016 WL 7048820, at *1 (Pa. Super. Dec. 5, 2016) (describing petitioner's plea and noting multiple criminal action numbers, including the criminal action number mentioned in his habeas petition). Thus, he did not dispute the facts that the Commonwealth was asserting with respect to the charges to which he pleaded *nolo contendere*.

The petitioner's final objection is to Magistrate Judge Wells's determination that the court should not issue a certificate of appealability. *See* Objs. at ECF p. 5. He asserts that his arguments are supported by both the Third Circuit and the Supreme Court. *See id.* This court disagrees and finds that there are no grounds to issue a certificate of appealability in this case because reasonable jurists would not differ in their resolution of this matter. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) ("To obtain a COA under § 2253(c), a habeas petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations and internal quotation marks omitted)).